**JIN HUA SHI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–4875–ag.**

United States Court of Appeals, Second Circuit.

March 16, 2007.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**46**

David X. Feng, New York, NY, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Paul D. Silver, Assistant United States Attorney, Albany, NY, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Jin Hua Shi, a citizen of China, seeks review of an April 7, 2003 order of the BIA summarily affirming immigration judge ("IJ") Brigitte Laforest's April 27, 2001 decision denying Shi's applications for asylum and withholding of deportation. *In re Jin Hua Shi*, No. A72 460 013 (B.I.A. Apr. 7, 2003) *aff'g* No. A72 460 013 (Immigr. Ct. N.Y. City Apr. 27, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence in the record supports the IJ's adverse credibility determination. First, the IJ was reasonable in relying on Shi's inconsistent testimony regarding the incident in which his wife was allegedly taken by village cadres for forcible sterilization: whether it occurred during the day or at night; whether he was present at the time; and the time, place, and content of his altercation with the village officials. Because each discrepancy concerned the central element of his claim of persecution—*i.e.*, the events surrounding his wife's forced sterilization—they were an appropriate basis for the IJ's adverse credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003) Moreover, insofar as Shi was unable to offer compelling explanations for

these inconsistencies, the IJ appropriately rejected the explanations that Shi did offer. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ was also reasonable in determining that Shi's unauthenticated documentary evidence was not sufficient to rehabilitate his dubious testimony. An applicant's failure to corroborate his or her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Additionally, the amount of weight afforded to a particular document is largely left to the IJ's discretion. *See id.* at 336 n. 17 (holding that this Court presumes an IJ has taken into account all evidence before him unless the record compellingly suggests otherwise). There is no indication that the IJ overlooked any record evidence in this case. Thus, the IJ acted within her discretion in affording little weight to Shi's unauthenticated documents.

The agency's adverse credibility determination is thus supported by substantial evidence in the record, and its denial of asylum was appropriate. Because the only evidence of a threat to Shi's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of deportation. *See Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED.